X-PATENTS, APC
JONATHAN HANGARTNER, Cal. Bar No. 196268
5670 La Jolla Blvd.
La Jolla, CA 92037
Telephone: 858-454-4313
Facsimile: 858-454-4314
jon@x-patents.com

Attorneys for Plaintiff SureFire, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUREFIRE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SPORTEAR, LLC, a Utah limited liability company<br><br>Defendant. | Case No. '17CV0653 GPC WVG<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff SureFire, LLC ("SureFire") for its Complaint against Defendant SportEar, LLC ("SportEar") avers as follows:

**PARTIES**

1. Plaintiff SureFire is California limited liability company with its principal place of business in Fountain Valley, California.

2. Defendant SportEar is a Utah limited liability company with its principal place of business in Draper, Utah.

**JURISDICTION AND VENUE**

3. This is a civil action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq.

4. This Court has jurisdiction over the subject matter of the Complaint pursuant to 28 U.S.C. §§1331 & 1338.

5. This Court has personal jurisdiction over SportEar because it offers for sale and sells its products, including the accused infringing products, and regularly conducts business in this District and throughout the State of California.

6. Venue is proper under 28 U.S.C. §§1391(b) and (c) and 1400(b).

**BACKGROUND**

7. SportEar sells hearing protection devices, particularly hearing protection devices for use in hunting and other firearms related activities.

8. On January 31, 2017, United States Patent No. 9,560,436 (the '436 patent) for an "ERGONOMIC EARPIECE AND ATTACHMENTS" was duly and legally issued by the United States Patent and Trademark Office. A copy of the '436 patent is attached hereto as Exhibit A.

9. The '436 patent has been in force and effect since its issuance. SureFire has been at all times, and still is, the owner of the entire right, title and interest in and to the '436 patent.

10. SportEar makes, uses, offers to sell, and sells hearing protection devices throughout the United States, including without limitation the SportEar X-Pro model earpiece.

11. The X-Pro is an earpiece configured to fit within the concha of the user's ear.

12. The X-Pro has a bendable rib having upper and lower ends.

13. The X-Pro has a lobe formed in the upper end of the bendable rib.

14. The X-Pro does not have a lobe formed at the lower end of the bendable rib.

15. The X-Pro has an extension that extends from the earpiece.

16. The extension on the X-Pro is configured to fit proximate the ear canal of the user.

17. The X-Pro earpiece infringes at least claim 1 of the ‘436 patent.

**COUNT I**
**(INFRINGEMENT OF THE ‘436 PATENT)**

18. SureFire realleges and incorporates the previous paragraphs of this Complaint as though set forth in full herein.

19. On information and belief, SportEar has used, manufactured, offered for sale, sold and/or caused to be imported into the United States products, including at least the X-Pro, which literally and under the doctrine of equivalents infringe the claims of the ‘436 patent in violation of 35 U.S.C. §271.

20. SureFire has been damaged and has suffered irreparable injury due to such acts of infringement by SportEar and will continue to suffer irreparable injury unless SportEar’s activities are enjoined.

21. SureFire has suffered and will continue to suffer substantial damages by reason of SportEar’s acts of patent infringement alleged above, and SureFire is entitled to recover from SportEar the damages sustained as a result of SportEar’s acts.

22. At all relevant times, SportEar has known that the accused product infringes the ‘436 patent.

23. SportEar has willfully and deliberately infringed the ‘436 patent in disregard of SureFire’s rights.

**PRAYER FOR RELIEF**

WHEREFORE, SureFire prays that judgment be entered by this Court in its favor and against SportEar as follows:

A. That SportEar has infringed the ‘436 patent;

B. Permanently enjoining and restraining SportEar, its agents, affiliates, subsidiaries, servants, employees, officers, directors, attorneys and those persons in active concert with or controlled by SportEar from further infringing the '436 patent;

C. That SportEar's acts of infringement were willful;

D. For an award of damages adequate to compensate SureFire for the damages it has suffered as a result of SportEar's conduct, including pre-judgment interest and a trebling of such damages due to SportEar's willful infringement;

E. That SportEar be directed to withdraw from distribution all infringing products, whether in the possession of SportEar or its distributors, retailers, or customers and that all infringing products or materials be impounded or destroyed;

F. For monetary damages in an amount according to proof;

G. For interest on said damages at the legal rate from and after the date such damages were incurred;

H. That this is an exceptional case and for an award of SureFire's attorney fees and costs;

I. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff SureFire hereby demands a jury trial as to all issues that are so triable.

Dated: March 30, 2017 X-PATENTS, APC

By: s/ Jonathan Hangartner
JONATHAN HANGARTNER

Attorneys for Plaintiff SureFire, LLC